| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with**<br>**D.N.J.LBR 9004-1**<br><br>**STEWART LEGAL GROUP, P.L**.<br>*Formed in the State of Florida*<br>Gavin N. Stewart, Esq.<br>*Of Counsel to Bonial & Associates, P.C.*<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>Tel: 813-371-1231/Fax: 813-371-1232<br>E-mail: gavin@stewartlegalgroup.com<br>*Attorney for Creditor* |
| In re:<br><br>Margarita Pagan,<br>aka Margarita Pagan Medina,<br><div align="right">Debtor.</div> |

Order Filed on July 20, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 13

Case No. 19-21442-ABA

Hearing Date: July 21, 2020

Judge Andrew B. Altenburg, Jr.

## CONSENT ORDER RESOLVING MOTION TO VACATE AUTOMATIC STAY

The relief set forth on the following page is hereby **ORDERED**.

**DATED: July 20, 2020**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Debtor: Margarita Pagan
Case No.: 19-21442-ABA
Caption of Order: **CONSENT ORDER RESOLVING MOTION TO VACATE AUTOMATIC STAY**

THIS MATTER having been opened to the Court upon the Motion to Vacate Automatic Stay ("Motion") filed by Specialized Loan Servicing LLC as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-26 ("Creditor"), and whereas the post-petition arrearage was **$2,471.95** as of July 17, 2020 and whereas the Debtor and Creditor seek to resolve the Motion, it is hereby **ORDERED**:

1. The automatic stay provided under 11 U.S.C. §362(a) shall remain in effect as to Movant's interest in the following property: **108 S Franklin Street, Landisville, New Jersey, 08326** ("Property") provided that the Debtor complies with the following:

    a. On or before July 30, 2020, the Debtor shall file a modified plan that provides for the curing of the entire arrearage amount over the life of the plan;

    b. The Debtor shall resume making the regular contractual monthly payments directly to Creditor as each becomes due, beginning with the August 1, 2020 payment and continuing thereon per the terms of the underlying loan; and

    c. Remain current on all post-petition payment obligations, as well as all payments being paid through the Chapter 13 Plan.

2. The Debtor will be in default under the Consent Order in the event that the Debtor fails to comply with the payment terms and conditions set forth in above paragraphs and/or if the Debtor fails to make any payment due to Movant under the Chapter 13 Plan.

3. If the Debtor fails to cure the default within thirty (30) days from the date of default, Creditor may submit a Certificate of Default to the Court on fourteen (14) days' notice to counsel

for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. §362(a) permitting Creditor to exercise any rights under the loan documents with respect to the Property.

4. Creditor is awarded reimbursement of attorney fees and costs in the amount of $350.00 and $181.00, respectfully to be paid through the modified Chapter 13 Plan.

**STIPULATED AND AGREED**:

| | |
|---|---|
| */s/ Corey Woerner* | */s/ Gavin N. Stewart* |
| Corey Woerner, Esq. | Gavin N. Stewart, Esq. |
| Law Offices of Seymour Wasserstrum | Stewart Legal Group, P.L. |
| 205 West Landis Avenue | 401 East Jackson Street, Suite 2340 |
| Vineland, NJ 08360 | Tampa, FL 33602 |
| *Counsel to Debtor* | *Counsel to Creditor* |